**John E. TRUNK, Plaintiff,**

v.

**MIDWEST RUBBER AND SUPPLY COMPANY, Defendant.**

**No. CIV. A. 97–WY–587–CB.**

United States District Court,
D. Colorado.

Sept. 19, 1997.

Robert C. Ozer, Jill C. Harris, Ozer & Ozer, P.C., Denver, CO, for Plaintiff.

Robert G. Hueston, Kim E. Axillar, Krendl, Horowitz & Krendl, Denver, CO, for Defendant.

### ORDER

COAN, United States Magistrate Judge.

In this age discrimination case, plaintiff moved for a protective order seeking to quash a subpoena duces tecum issued to expert witness Bonnie Ruth. The matters remaining in dispute are whether Dr. Ruth is required to provide other reports she has written for plaintiffs counsel and whether defendant may contact Dr. Ruth *ex parte* about those reports.

■ There is no dispute that Dr. Ruth has been designated as a testifying expert witness for the plaintiff. The scheduling order required production of information in accordance with Federal Rule of Civil Procedure 26(a)(2)(B), including "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." The Rule however,

does not require an expert to produce any reports from unrelated litigation. Defendant argues that the other reports are necessary for impeachment purposes.

While Rule 26 does provide for broad discovery of experts as to the opinions to be offered at trial, *Smith v. Ford Motor Company,* 626 F.2d 784, 793 (10th Cir.1980) (internal citations omitted), the court finds that conclusions and opinions offered in unrelated litigation do not fall within the scope of Rule 26 discovery and "would unnecessarily burden litigation with pre-trial inquiry into facts and issues wholly irrelevant to the case at hand. Defendants' general contention that they are entitled to develop material to be used during cross-examination does not convince this court to articulate a new general rule favoring burdensome production and deposition." *In re Air Crash Disaster at Stapleton international Airport, Denver, Colorado on November 15,* 1987, 720 F.Supp. 1442, 1444 (D.Colo.1988) (Finesilver, J.).

Accordingly, upon consideration of the motion and reply, the court finds that plaintiff has shown good cause under Rule 26(c) and it is ORDERED that Plaintiffs Motion for Protective Order with Respect to Subpoena Duces Tecum Served upon Expert witness Bonnie Ruth, Ph. D., C.R.C., C.C.M. [filed September 17,1997] is **granted.**